LEEDS, INC., *v.* ANDERSON.

[Cite as Leeds, Inc., v. Anderson, 4 Ohio Misc. 139.]

(No. 750937—Decided April 9, 1965.)

ACTION FOR MONEY: Cincinnati Municipal Court.

*Mr. Morris J. Leher*, for plaintiff.
*Mr. Allen Brown*, for defendant.

BETTMAN, J. This matter is before the court on defendant's motion to dismiss plaintiff's proceeding in aid of execution.

Plaintiff, in its petition in the original action in this court, alleged in substance that the defendant executed a promissory note with warrant of attorney to confess judgment thereon attached, on which a balance of $117 was still due and owing; that subsequent thereto defendant filed bankruptcy, scheduling plaintiff as a creditor, but that the debt sued on was not dischargeable in bankruptcy for the reason that the credit extended to defendant was induced by his false financial statement in writing; and that plaintiff had "been damaged by reason of having acted upon defendant's fraudulent representations."

From the court's records it appears that plaintiff several times attempted service on the defendant on its petition but the summons were returned by the bailiff endorsed that the defendant could not be found within the jurisdiction. The record shows

further that the plaintiff then took judgment by virtue of the warrant of attorney.

Title 17 of the Bankruptcy Act (Section 35, Title 11, U. S. Code) provides in part:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * *, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive * * *."

It is apparent on the face of the petition that plaintiff's claim is not based on a liability on the note executed to plaintiff's order but on a tort, namely, obtaining credit on the basis of a false financial statement. The language of the Bankruptcy Act above quoted specifically says that all provable debts are discharged except liabilities for the frauds therein described. In other words, the debt is discharged, only the liability for fraud remains. The warrant of attorney to confess judgment on the promissory note can have no application to a suit based on defendant's alleged fraud.

There having been no proper service upon defendant, the court was without jurisdiction and the judgment is void. The proceeding in aid of execution must therefore be dismissed.

*Motion granted.*