CAPITAL FINANCE CORP., APPELLEE, *v.* VILLANI, APPELLANT.

(No. 10700—Decided March 31, 1969.)

*Messrs. Schear & Klein*, for appellee.
*Messrs. Schwartz, Schwartz & Lieberman*, for appellant.

SHANNON, P. J. This is an appeal on questions of law from the Hamilton County Municipal Court.

The petition filed by plaintiff sets forth a cause of action founded on tort arising as an incident to a contract. In that petition it is alleged that plaintiff made a loan to defendant in reliance on a written financial statement executed and delivered by defendant, which was false because certain existing liabilities were omitted therefrom. Plaintiff claims further that defendant defaulted on the promissory note, thereafter filed in bankruptcy, listing in the schedules the debt to plaintiff, but pleads that the liability is excepted from the operation of a discharge in bankruptcy because it is "a liability for obtaining money and property by false pretenses and by false representations."

Plaintiff appended to its petition a copy of the promissory note involved, which contains this proviso:

"* * * parties further, jointly and severally, authorize irrevocably any attorney at law to appear in any court of record in Ohio or elsewhere at any time after any installment herein becomes due and unpaid, and waive the issuing and service of process and confers judgment against them, or any one or more of them, in favor of the holder hereof for the total amount, including charges, unpaid on this note after adjustment as provided herein, together with costs of suit, and thereupon to release all errors and waive all rights of appeal."

Summons was issued, and the return thereof was endorsed, "The within named defendant Donald Villani cannot be found." Subsequently, judgment by confession was taken on the note by virtue of the warrant of attorney set forth therein, and the cause was continued for alias summons. Defendant was notified by certified mail that judgment on the note had been taken.

Forthwith, garnishment proceedings were commenced, and an order to a garnishee to appear and answer questions respecting garnishee's liability to defendant was made.

Thereupon, defendant filed a motion to set aside and vacate the "default" judgment rendered plaintiff, accompanying it with his affidavit that he had a good and valid defense to offer. Subsequently, defendant filed a motion to dismiss the garnishment proceedings, setting forth therein defendant's discharge in bankruptcy.

The court permitted defendant to withdraw his motion to set aside and vacate the judgment, over objection of plaintiff, but overruled defendant's motion to dismiss the garnishment, whereupon he filed this appeal.

The issue presented here, although it has several facets, can be reduced to the query whether plaintiff is entitled to proceedings in aid of execution to enforce the judgment rendered in his favor.

The judgment was taken upon the cognovit note signed by defendant, the entry reciting that the same was done

by warrant of attorney confessing judgment, although the petition sounds in tort and the garnishment proceedings rest upon that judgment.

As was noted by the Supreme Court in *Friedman Finance Co.* v. *Shirley*, 168 Ohio St. 273, at page 274, "It is so sufficiently settled as not to require citation of authority that, although a discharge in bankruptcy does not extinguish a debt, it does bar a remedy for the recovery of that debt. * * *"

It is obvious that plaintiff was fully aware of this impediment to its recovery of any judgment based solely upon the note, because it pleaded that it had been defrauded by defendant and, therefore, the debt was not dischargeable.

However, the issue of whether the borrower obtained the money loaned fraudulently has never been determined here. Clearly, the principle set forth by this court in *Beneficial Finance Co.* v. *Smith*, 15 Ohio App. 2d 208, paragraph one of the syllabus, applies:

"A discharge in bankruptcy releases a bankrupt from all provable debts except liability for obtaining money on credit in reliance on a materially false statement in writing respecting his financial condition with intent to deceive; and a creditor must show reliance on a materially false financial statement made by the debtor with intent to deceive such creditor in making the loan, in order to remove such debt from discharge in bankruptcy."

It must be remembered that no service of summons has been had upon defendant. Plaintiff urges that the note and the allegedly false financial statement must be considered as inseparable and, therefore, together constituted a "contract" upon which the court below proceeded to render judgment. Accordingly, it would have this court embrace the theory that the waiver of summons and confession of judgment applied generally to the cause of action based upon the cognovit note and the cause of action based upon tort. No authority to warrant this approach is cited, and we are not aware of any.

Unquestionably, plaintiff's claim was bottomed on the

tort alleged. The debt based upon the note would have been discharged under Title 17 of the Bankruptcy Act (Section 35, Title 11, U. S. Code), leaving only the liability for fraud upon which to seek redress. The two avenues to recovery are separate and distinct, and we conclude that the warrant of attorney to confess judgment on the promissory note can have no application to the cause of action based on fraud. See *Leeds, Inc., v. Anderson,* 4 Ohio Misc. 139.

To our eye, we are not confronted with a problem of joinder of actions; rather, the question is one of jurisdiction. The defendant has not been served, and if judgment had been rendered on a tort it would necessarily be void. But the judgment was rendered on the note, and by virtue of defendant's discharge in bankruptcy the plaintiff is barred from its remedy, that is, the garnishment proceedings.

Therefore, the order of the Hamilton County Municipal Court overruling defendant's motion to dismiss garnishment is reversed, and this cause is remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.