STATE OF NEBRASKA, APPELLANT, v. LORRAINE RANSBURG ET AL., APPELLEES.

148 N. W. 2d 324

Filed February 10, 1967. No. 36316.

Herbert M. Fitle, Charles A. Fryzek, John B. Abbott, John A. Gutowski, Raymond E. Gaines, Richard L. Dunning, and Gary P. Bucchino, for appellant.

Paul E. Watts, for appellees.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, and McCown, JJ., and Boyles, District Judge.

Boyles, District Judge.

This is a proceeding for review under the provisions of section 29-2315.01, R. R. S. 1943. It was instituted by the county attorney of the County of Douglas, Nebraska, following the dismissal of separate prostitution complaints against each defendant and discharge of the accused by the district court for the County of Douglas. The original complaints were filed under ordinances of the city of Omaha and tried by the district court, on appeal from the municipal court, without a jury. The defense of entrapment was sustained. The State contends that the judgment of the trial court was contrary to both the law and the evidence.

There is no significant dispute in the facts. One Prescher, a police officer, obtained a room at an Omaha motel. Prescher then telephoned the Ritz Cab Company and told an unidentified person who answered that he wanted to "arrange for some company." This call was apparently referred by the recipient to the defendant Anthony, a cab driver. Anthony subsequently phoned Prescher and received the same request. Anthony then arranged to meet Prescher, and a conversation ensued

in which the age and color of the "company" was discussed. Prescher was then taken to an Omaha address and introduced to the defendant Ransburg. Prescher told Miss Ransburg he was looking for "some fun." Ransburg replied that she charged $30 for "a straight lay" and would not engage in oral copulation. This is the first instance in which the record discloses any actual mention of a criminal act.

Prescher and Ransburg were then driven by Anthony to the motel, stopping to buy liquor enroute. Prescher paid the cab fare and Anthony asked for and received an additional sum for "making the arrangements."

Upon arrival at the motel room, the defendant Ransburg asked for money and, being unable to make change, offered to perform other acts of intercourse for an additional price. When the defendant began to disrobe, Prescher revealed his identity and made the arrest. The defendant Anthony was recalled to the scene by a representation that Prescher and Ransburg could not agree upon a price, and was arrested upon his arrival.

The record nowhere discloses any overt act or word by Prescher from which overpersuasion, undue pressure, or coercion may be inferred; neither does it disclose any reluctance or unwillingness on the part of either defendant to commit the offense alleged. No relevant misrepresentation was made by Prescher, save only that concerning his identity. It is patent, from all the testimony, that both of the accused appeared on the scene willing and expecting to participate in the unlawful act and expecting a reward therefrom. At the most, the actions of Prescher presented only an opportunity for the defendants to engage in unlawful activity, if they so intended and desired.

We hold that the exceptions of the State should be sustained.

Facts constituting entrapment, which is in the nature of an affirmative defense, are ordinarily to be determined by the jury or trier of fact in each individual

case, and its findings will be disturbed only when the preponderance of evidence against such findings is great and they clearly appear to be wrong, or when the findings are clearly contrary to law.

The cases uniformly hold that where a person has no previous intent or no previous purpose to violate the law, but does so only because persuaded or induced to commit the act by law enforcement agents, he is entitled to the defense of unlawful entrapment because the law, as a matter of policy, forbids a conviction. On the other hand, where a person already has the readiness or willingness to violate the law, the mere fact that an officer provides what appears to be a favorable opportunity for such violation or merely seeks to collect evidence of the offense does not constitute unlawful entrapment and is no defense. Sorrells v. United States, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, 86 A. L. R. 249; Sherman v. United States, 356 U. S. 369, 78 S. Ct. 819, 2 L. Ed. 2d 848.

Likewise, the mere fact that artifice or stratagem may be employed to apprehend those engaged in criminal activity does not in and of itself give rise to the defense. United States v. Thompson, 366 F. 2d 167 (F.B.I. set up opportunity to pay and receive "kickback"); Osborn v. United States, 385 U. S. 323, 87 S. Ct. 429, 17 L. Ed. 2d 394 (secret federal agent elicits offer to bribe a juror); Rogers v. United States, 367 F. 2d 998 (solicitation of illegal sale of wild game by conservation agent concealing identity).

Chief Justice Hughes, in the Sorrells case, citing Grimm v. United States, 156 U. S. 604, 15 S. Ct. 470, 39 L. Ed. 550, and others, stated the rationale of the rule, as follows: "The appropriate object of this permitted activity, frequently essential to the enforcement of the law, is to reveal the criminal design; to expose the illicit traffic, the prohibited publication, the fraudulent use of the mails, the illegal conspiracy, or other offenses, and thus to disclose the would-be violators of the law. A

different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute."

We think the facts and law applicable here fall well within the scope of the cases cited. Under the terms of the statute, we can not now alter the disposition of the case made by the trial court, and this opinion is therefore only advisory.

EXCEPTIONS SUSTAINED.