STATE OF NEBRASKA, APPELLEE, v. GREGORY P. AMEN, ALSO KNOWN AS GREG AMEN, APPELLANT.

208 N. W. 2d 279

Filed June 15, 1973. No. 38907.

William H. Hein, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant was convicted in the District Court for Box Butte county of distributing or delivering marijuana. He presents four assignments of error. First, the court erred in permitting Bruce Teichman to act as a prosecuting attorney. Second, the evidence was insufficient to establish that the defendant knowingly or intentionally delivered a controlled substance. Third, the information should have been dismissed for entrapment. Fourth, the sentence imposed is excessive. We affirm.

On February 24, 1972, a paid female informant for the State asked defendant if he knew where she could get some dope. He replied that he wished she had seen him a couple of days earlier because the stuff he had had gone like 15 cent hamburgers. Following this inquiry, the defendant and the informant met 15 minutes later at the Wonder Bar in Alliance, Nebraska. At his suggestion they went for a ride in her car with Les Kincaid and Myla Steele. They drove around Alliance and dropped off Myla Steele, and then picked up Karen Smith. They drove into the country to smoke marijuana. During this period defendant put a plastic baggie in the informant's purse. This was later turned over to a State officer. It was stipulated that the plastic bag contained marijuana.

Paul D. Empson, county attorney of Box Butte county, and Bruce Teichman, an attorney at Hyannis, Nebraska, appeared for the State. Mr. Teichman examined the State's witnesses and made the argument for the State.

We will discuss the defendant's assignments seriatim. If there was any question as to the right of Mr. Teichman to appear for the State it has been waived by the defendant. Defendant made no objection to his appearance at any time before, during, or after the trial, nor did he raise any objection in his motion for a new trial. In any event, the county attorney, under the direction of the District Court, has statutory authority to procure assistance in any trial of any person charged with a felony, and in the absence of facts which indicate the contrary, it is presumed that the District Court properly exercised its discretion in that regard. Goldsberry v. State (1912), 92 Neb. 211, 137 N. W. 1116.

On defendant's second assignment of error, the evidence clearly shows that the defendant knowingly and intentionally delivered a controlled substance, marijuana, to the informant.

There is no merit to defendant's claim of entrapment. The female informant was sent to Alliance at the request of the county attorney because of reports of a drug problem in that area. Upon her arrival in Alliance she gave one Myla Steele a ride in her motor vehicle. She asked Myla Steele if she knew where informant could get some dope. Myla Steele replied in the affirmative, directed her to Dietrich's Bar in Alliance, and there introduced her to the defendant. Defendant's reply when he was asked as to where the informant could get some dope indicates that he had been distributing it. The fact that the informant provided an opportunity for the defendant to violate the law, which violation originated in the mind of the defendant, is not an unlawful entrapment. In State v. Ransburg (1967), 181 Neb. 352, 148 N. W. 2d 324, this court said: "* * * where a person already has the readiness or

willingness to violate the law, the mere fact that an officer provides what appears to be a favorable opportunity for such violation or merely seeks to collect evidence of the offense does not constitute unlawful entrapment and is no defense."

Has defendant received an excessive sentence? The answer is no. He was sentenced for a period of not less than 1 nor more than 2 years to the Division of Corrections of the Department of Public Institutions of the State of Nebraska for violating the Uniform Controlled Substances Act. Testimony was adduced at defendant's sentencing hearing that subsequent to the present offense and while he was out on bond he offered to sell the witness some marijuana or mescaline.

For the reasons given above, the judgment is affirmed.

AFFIRMED.