MELBA ANN O'SHEA, APPELLEE AND CROSS-APPELLANT, V. JOHN F. O'SHEA AND JOHN F. O'SHEA, TRUSTEE, APPELLANTS AND CROSS-APPELLEES.

MELBA ANN O'SHEA, EXECUTRIX OF THE ESTATE OF FRANK P. O'SHEA, DECEASED, APPELLEE AND CROSS-APPELLANT, V. JOHN F. O'SHEA AND JOHN F. O'SHEA, TRUSTEE, APPELLANTS AND CROSS-APPELLEES.

214 N. W. 2d 486

Filed January 31, 1974.  No. 39038.

W. H. Kirwin and Robert M. Harris, for appellants.

Wright & Simmons, for appellee.

· Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and RONIN, District Judge.

RONIN, District Judge.

Two separate cases involved in this appeal were consolidated for purpose of trial in the District Court for Scotts Bluff County, Nebraska. The plaintiff, Melba Ann O'Shea, hereinafter designated as Melba, brings one of the actions in her capacity as executrix of the estate of Frank P. O'Shea, her deceased husband, against John F. O'Shea individually and in his capacity as trustee of a spendthrift trust in which his brother, Frank, was the beneficiary.

In the other action Melba seeks an accounting as a judgment creditor against the same defendants for the support payments for herself and minor children under an order of the District Court for Scotts Bluff County, Nebraska. Frank P. O'Shea will be referred to as Frank and his brother John F. O'Shea as John.

The factual background of both these actions involves an accounting of a trust for a period of nearly 25 years. On May 14, 1945, Matilde O'Shea, the then widowed

mother of John and Frank, conveyed by deed certain real property in trust to John for the benefit of Frank. This was a spendthrift trust with the only asset being the real property described in the trust deed, together with the rental income from a garage building situated thereon. The conditions of the trust imposed on John the duty to manage the property, collect the rents, pay the taxes, insurance, and necessary repairs, and to pay the net income derived from said property to Frank "for twenty (20) years from the 25th day of October, 1944. After such period, the said trustee is directed to convey said trust property to Frank P. O'Shea if he be then living or to his heirs at law if he be not living." The terms of the trust denied Frank the right to convey or encumber the property or its income.

John accepted his rights and duties as trustee and agreed to execute the trust without any charge for his services. The record discloses no change in his trust activities or records during the life of Frank, who died on October 5, 1970, which was nearly 6 years after the expiration of the 20-year period of the trust provided for in the trust deed. John never made an accounting prior to the commencement of this action, nor has he conveyed the property in accordance with the provisions of the trust deed. John continued to collect the rents up to October 5, 1970, and commingled these trust funds with his personal account. He failed to pay the real estate taxes for the last half of the year 1960 to and including the year 1969, which with accrued interest calculated to October 5, 1970, amounted to $15,262.86. The income from the trust was sufficient to have paid the taxes.

John, as trustee, distributed funds to Frank and his creditors for which he seeks credit. Melba, as executrix of Frank's estate, seeks an accounting from John personally and in his capacity as trustee for the real estate taxes not paid.

Melba in her personal action against John, individually and as trustee, seeks an accounting of the trustee in compliance with a court order to pay to the extent of the net income of the trust for the support and maintenance of the wife and minor children of Frank. The District Court for Scotts Bluff County, Nebraska, in a separate support action, ordered in 1961, that John as trustee pay from the net income of the trust the sum of $150 a month until November 1, 1964, and thereafter the sum of $250 per month for the support of Melba and the minor children of Melba and Frank. John complied with this court order through 1965. Although there was net income from which additional payments could have been made, John only partially complied with the support order after 1965. Melba seeks an accounting and recovery as a judgment creditor against John for the sum due her under the support order.

The time of the termination of this spendthrift trust is largely decisive of the issues in both cases. The trial court recognized this and expressly found in its written report of pretrial conference of January 21, 1972, for both cases, that: "The trust continued to October 5, 1970, when Frank P. O'Shea died, * * *. The period to be accounted for is from May 8, 1946 to October 5, 1970. * * * Any party may except to this Report in writing within 10 days from date."

No exceptions were made by John to this report nor does he allege in his answers filed in both cases that the trust terminated at any time prior to Frank's death. The cases were tried on May 3, 1972, on the issues fixed in the pretrial report and were taken under advisement by the court. On July 3, 1972, 2 months after trial, John moved for the first time to correct the pretrial order by alleging that the trust terminated at the end of the 20-year period provided in the trust deed, which was October 25, 1964. The trial court in its judgment order of January 24, 1973, overruled John's motion to change

the time of the termination of the trust, and made its computations of accounting for the period established in its trial order.  John assigns as error the finding of the trial court that the trust continued beyond its term of "twenty years from the 25th day of October, 1944, to October 5, 1970."

The importance of pretrial procedure is recognized by a rule of this court, Revised Rules of the Supreme Court, 1971, p. 42, authorizing District Courts to hold pretrial conferences to consider:  "(1) The simplification of issues; * * * (6) Such other matters as may aid in the disposition of the action."  This rule further provides that "such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."  See, also, Rule 16 of Federal Rules of Civil Procedure.

In Long v. Magnolia Petroleum Co., 166 Neb. 410, 89 N. W. 2d 245, the court quoted from its rule on pretrial procedure and held that the participants in the pretrial conference:  "* * * must adhere to the spirit of that procedure and are held to have waived questions not there presented."  See, also, Western Pipe & Supply, Inc. v. Heart Mountain Oil Co., Inc., 179 Neb. 858, 140 N. W. 2d 813.

In Tober v. Hampton, 178 Neb. 858, at 864, 136 N. W. 2d 194, our court cited with approval the pretrial rule discussed at length in 3 Moore's Federal Practice (2d Ed.), p. 1118:  "Where there has been a pre-trial conference, there are not likely to be requests for permission to amend at the trial; and permission to amend at the trial should ordinarily not be granted when such amendment will result in a delay of the trial, except when relevant matters have arisen after the pre-trial conference, or when matters existing at the time of that hearing were not discovered until afterwards and the attorney was not negligent in failing to obtain the information earlier.  Since the pre-trial order controls the

future course of the action, however, failure to amend the pleadings to reflect the issues stated in the order should be immaterial."

We hold that it was not an abuse of discretion for the trial court to refuse to amend its pretrial order 60 days after the trial. It was not incumbent on Melba to prove that which was admitted in the pretrial report and to which John made no timely exception. Under the facts in this case, the finding of the trial court that the trust terminated on the death of Frank on October 5, 1970, is correct.

The trustee of a spendthrift trust is not entitled to a charge on a beneficiary's interest in the trust estate for unauthorized overpayments made to the beneficiary. The trustee's rights under the facts in this case are no greater than those of any other unsecured creditor of the beneficiary. Such trustee has no charge on the trust property or privilege of set-off with respect to his claim against the beneficiary or his estate. Restatement, Trusts 2d, § 250, p. 630.

The trial court was correct in finding that the express terms of the trust provided that the trustee was to collect the rents and pay the taxes thereon; that there were sufficient rents received by John to pay all the taxes which became a lien prior to Frank's death on October 5, 1970; and that John failed to comply with the obligations of the trust in failing to pay the taxes for the last half of the year 1960 and thereafter through all the year 1969.

We affirm the judgment entered by the trial court in ordering the defendant trustee to convey the trust property free and clear of such taxes, interest, and charges to Frank's heirs.

We do not believe any useful purpose will be served by detailing the evidence on the issue of accounting. We approve of the computations of the trial court of the sums advanced by John to Frank and to Frank's

creditors that were in excess of the distributable income of the trust. The trial court properly entered judgment for John as a general creditor for the sum of $6,484.15 against Frank's estate. We further agree in the trial court's finding and order that John shall assign to Melba, as executrix of Frank's estate, the claim for unpaid rental by Celli Cycle Center in the sum of $750.

The 1961 support order of the District Court for Scotts Bluff County, Nebraska, provided that the payments to be made by John would be out of the net income of the trust which the trial court correctly computed on a yearly basis. The evidence discloses John made the required payments through the year 1965. The trial court correctly computed that beginning with the year 1966 and continuing through the year 1969 Melba received less than the amount to which she was entitled in the total amount of $4,358.59. John's claims of overpayment on the support payments for the years 1964 and 1970 are without merit. However his claim of overpayment for the year 1965 in the sum of $1,513.17 should be allowed. The net income of the trust in 1965 amounted to $1,486.83. John paid the sum of $3,000 on the support order resulting in the overpayment of $1,513.17. Generally a trustee is entitled to reimbursement for overpayments to a beneficiary made by him. 90 C. J. S., Trusts, § 345, p. 608. After crediting John with the amount of the 1965 overpayment, Melba is entitled to judgment against John in the sum of $2,845.42 in her support action instead of the amount allowed by the trial court.

We approve the finding of the trial court that there was no additional undistributed net income to which Melba was entitled in her support action on December 31, 1965. There is no merit to her cross-appeal and it is dismissed.

We affirm the judgment of the trial court in all respects except that Melba's judgment in her support

action shall be reduced from $4,358.59 to $2,845.42. Judgment is affirmed as modified.

AFFIRMED AS MODIFIED.