STATE OF NEBRASKA, APPELLEE, V.
ROBERT H. BECKNER, JR., APPELLANT.

318 N.W.2d 889

Filed April 30, 1982.   No. 44532.

Richard L. Kuhlman, for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Robert H. Beckner, Jr., defendant-appellant, was charged in an information filed in the District Court for Dodge County, Nebraska, with delivery of a controlled substance, to wit:  marijuana, in violation of

Neb. Rev. Stat. § 28-416(1) (Reissue 1979). Following a jury trial the defendant was convicted as charged. He was sentenced on August 3, 1981, to a term of 1 to 3 years' imprisonment in the Nebraska Penal and Correctional Complex, with a credit of 27 days granted for time served.

In his brief on appeal, appellant has listed 12 assignments of error on the part of the trial court. However, many of the assigned errors are not discussed in his brief. Therefore, pursuant to Rule 8.a.2.(3) of this court, these allegations of error are not considered. *Cockle v. Cockle,* 204 Neb. 88, 281 N.W.2d 392 (1979). The remainder of appellant's assignments can be summarized as follows: (1) That the appellant was entrapped; (2) That the statements of the cooperating individual were not corroborated sufficiently; and (3) That the sentence imposed was excessive. We find these assignments of error to be without merit.

The record reveals that in January of 1981, Jeffards R. Byington was employed as a "cooperating individual" or informant by the Nebraska State Patrol. He was to gather information about drug traffickers and to relay that information to law enforcement officials. Byington operated in Dodge County where he became acquainted with the appellant through a mutual friend. On February 5, 1981, Byington arranged for a meeting between Officer Dennis J. Mayberger, an undercover drug investigator for the Nebraska State Patrol, and the appellant at the trailer home owned by Beckner in Ames, Nebraska. Upon their arrival, negotiations commenced between Mayberger and Beckner concerning the purchase of a quantity of marijuana. The appellant produced a plastic bag which contained several smaller plastic bags, each containing approximately 1 ounce of marijuana. In addition, Beckner produced another quantity of marijuana. Officer Mayberger asked the appellant how much he

wanted per ounce of marijuana, and was told by Beckner the price was $40 an ounce. Mayberger also inquired as to the purchase price for a quarter pound of marijuana, and was told by the appellant that the cost was $130. Thereafter, Mayberger purchased a quarter pound of the controlled substance from the appellant.

Appellant does not deny the possession of marijuana, nor contest selling a quarter pound of the substance to Officer Mayberger. He alleges, however, that he was improperly induced to sell the drugs by informant Byington and was therefore entrapped. We note the parties have stipulated that the chain of custody of the evidence was proper and that the chemical analysis performed by the State Health Laboratory identified the substance purchased from appellant as marijuana.

In reviewing claims of entrapment by criminal defendants in drug-related cases, this court has held that where a person has no previous intent or purpose to violate the law, but does so only because he is induced to commit the act by law enforcement officers or agents, he is entitled to the defense of entrapment. But where a person already has the readiness or willingness to violate the law, the fact that an officer or agent provides a favorable opportunity for the violation does not constitute entrapment. *State v. Lampone,* 205 Neb. 325, 287 N.W.2d 442 (1980); *State v. Amen,* 190 Neb. 362, 208 N.W.2d 279 (1973). In addition, we have held that the mere fact that artifice or stratagem may be employed to apprehend those engaged in criminal activity does not in and of itself give rise to the defense of entrapment. *State v. Ransburg,* 181 Neb. 352, 148 N.W.2d 324 (1967). The rationale for employing such stratagems was stated by the U.S. Supreme Court in *United States v. Russell,* 411 U.S. 423, 432, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973), as follows: "The illicit manufacture of drugs is not a sporadic, isolated

criminal incident, but a continuing, though illegal, business enterprise. In order to obtain convictions for illegally manufacturing drugs, the gathering of evidence of past unlawful conduct frequently proves to be an all but impossible task. Thus in drug-related offenses law enforcement personnel have turned to one of the only practicable means of detection: the infiltration of drug rings and a limited participation in their unlawful present practices. Such infiltration is a recognized and permissible means of investigation . . . ." See, also, *Sherman v. United States,* 356 U.S. 369, 78 S. Ct. 819, 2 L. Ed. 2d 848 (1958); *Sorrells v. United States,* 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 413 (1932).

In support of the contention that he was entrapped, appellant testified that Byington had made repeated promises to do bodywork on a truck owned by Beckner, refinish several stereo speakers, and acquire a safety inspection sticker for a van owned by the appellant which was in defective condition. Byington testified that he made such offers to the appellant, but stated that he had never performed any of the tasks and that the offers were not made in the hopes of acquiring marijuana. It appears from the record that such offers were made by the informant as an attempt to gain the appellant's friendship. There is nothing in the record which indicates Byington suggested or preconceived any plan for the sale of the marijuana to Officer Mayberger. The record reflects that after Byington introduced the appellant to Mayberger, the law enforcement officer negotiated for the sale of the substance and Byington had no role in determining how the sale was made. Byington testified that he observed the appellant sell marijuana to another individual approximately 5 days prior to the sale of the substance to Officer Mayberger. This testimony was relevant in that it reveals a predisposition originating on the part of the appellant to traffic in drugs.

It is doubtful that the above evidence is sufficient to raise the defense of entrapment. Annot., Modern Status of the Law Concerning Entrapment to Commit Narcotics Offense—State Cases, 62 A.L.R.3d 110 (1975). It is certainly insufficient to support a finding that the appellant was entrapped as a matter of law, which is what he contends. In any event, the issue of entrapment was submitted to the jury under instructions, the correctness of which the appellant does not challenge, and the jury found against the appellant.

Nor can we concur with appellant's allegation that the testimony of Byington should have been excluded as not sufficiently corroborated. Neb. Rev. Stat. § 28-439 (Reissue 1979) provides: "No conviction for an offense punishable under sections 28-401 to 28-438 shall be based solely upon the uncorroborated testimony of a cooperating individual." Appellant argues that any testimony of a cooperating individual on the essential elements of a crime which is not corroborated by other evidence cannot be considered by the trier of fact. A simple reading of the language of the statute leads to a contrary conclusion. The statute only requires that a conviction be based on something more than only a cooperating individual's testimony. Such a reading of the statute is supported by the Statement of Purpose of the introducer of L.B. 276. "A corroboration requirement does not mean that a commissioned law enforcement agent would have to be physically present at the time a drug purchase is made. Corroboration could be supplied, by instance, through the use of electronic surveillance, observations which indicate simply that the meeting between the subject and the cooperating individual actually took place, searches of the cooperating individuals both before and within a reasonable time after the drug purchase is alleged to have taken place, the use of marked buy money, the use of cooperating individu-

als in teams, the use of fingerprint analysis and numerous other investigative techniques.'' During the floor debates the argument was equated to that necessary to support a conviction for the offense of rape. Floor Debate, 85th Leg., 2d Sess. 5696 (January 16, 1978). In that regard this court has previously held that corroboration is sufficient if the witness is corroborated as to material facts and circumstances which tend to support the testimony as to the principal fact in issue. *State v. Thompson,* 198 Neb. 48, 56, 251 N.W.2d 387, 391 (1977). In the present case, the testimony of Byington was sufficiently corroborated by Officer Mayberger who was present and testified as to the negotiations for the sale of the marijuana.

The testimony produced at trial clearly presented a factual dispute for the resolution of the jury. In this case, the jury resolved the issues in favor of the State and found the appellant guilty as charged. The rule is well established that in determining the sufficiency of the evidence necessary to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Weible,* ante p. 174, 317 N.W.2d 920 (1982); *State v. Rust,* 208 Neb. 320, 303 N.W.2d 490 (1981).

Finally, we turn to appellant's contention that the sentence imposed by the District Court was an abuse of discretion and that the court erred by sentencing him to a term of imprisonment rather than probation. Pursuant to Neb. Rev. Stat. § 28-416(2) (Reissue 1979), the offense for which the appellant was convicted was a Class III felony which carries a maximum term of 20 years' imprisonment, a $25,000 fine, or both. The sentence imposed on the appel-

lant is well within the statutory guidelines and cannot be said to have been an abuse of discretion on the part of the trial court. A review of the sentencing proceeding indicates that the District Court considered the appellant's education and work record, his prior criminal record which consists of numerous traffic convictions and the conviction for the offense of petit larceny for which he was sentenced to a term of probation, and the seriousness of the offense with which appellant was involved. It is well established in this jurisdiction that where the sentence imposed is within statutory limits, it will not be disturbed on appeal in the absence of an abuse of discretion on the part of the trial court. *State v. Wredt,* 208 Neb. 184, 302 N.W.2d 701 (1981); *State v. Janis,* 207 Neb. 491, 299 N.W.2d 447 (1980).

The jury's verdict and the judgment and sentence of the trial court are affirmed.

AFFIRMED.