STATE OF NEBRASKA, APPELLEE, V. ROSS KNOEFLER, APPELLANT.

418 N.W.2d 217

Filed January 15, 1988. No. 87-321.

James G. Egley of Moyer, Moyer, Egley & Fullner, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

BOSLAUGH, CAPORALE, and SHANAHAN, JJ., and ROWLANDS, D.J., and COLWELL, D.J., Retired.

ROWLANDS, D.J.

The defendant, Ross Knoefler, was convicted, following a jury trial, of unlawfully delivering methamphetamine, in violation of Neb. Rev. Stat. § 28-416(1) (Reissue 1985), a Class III felony. Knoefler was sentenced to a term of 1 year in imprisonment.

The defendant assigns the following as error: (1) that his conviction was based solely upon the uncorroborated testimony of a cooperating individual, contrary to Neb. Rev.

Stat. § 28-1439.01 (Reissue 1985), and (2) that the district court abused its discretion by denying probation and incarcerating the defendant.

We have determined that neither assignment of error is meritorious, and affirm.

The principal witness for the State was Thomas Rice. According to Rice, he was approached by the defendant on December 15, 1985, and asked if he would be interested in buying drugs to sell to people at Rice's place of employment. Rice testified he told Knoefler that such a deal was possible.

On the 16th day of December, Rice went to the Nance County sheriff and disclosed the conversation. The sheriff and Rice agreed to set up a buy for the next day.

In the afternoon of December 17, 1985, Rice met with the sheriff and Investigators Tooley and Walton of the Nebraska State Patrol. Rice was taken into the men's room and strip-searched by Investigator Walton to ensure that he had no controlled substances. Not finding any contraband, Walton equipped Rice with a 1-watt transmitter, and Rice put his clothing on to conceal the transmitter.

Rice was followed to his car, and it was thoroughly searched. Again, no controlled substances were present.

Rice then proceeded in his vehicle to a warehouse belonging to the defendant's father. He was followed in an automobile occupied by the sheriff and Investigators Tooley and Walton. Rice had a brief conversation with Knoefler's father. As Rice was leaving, the defendant arrived in a truck, with an individual named Robert Foland.

Rice testified that the defendant asked him to travel to the defendant's trailer. Rice followed Knoefler to the trailer and went inside with the defendant and Foland.

The three officers were nearby and saw Rice make contact with the defendant. They shadowed the parties and parked their vehicle approximately one and one-half blocks from the trailer. Because of a loose wire on the microphone, none of the conversations inside the trailer were audible to the officers, nor were they recorded.

Rice stated at the trial that inside the trailer the defendant delivered a baggie containing the drugs. Rice paid Knoefler

$100. Rice left the trailer and drove back to a prearranged point, where he delivered the baggie to Investigator Tooley. The sheriff paid Rice the sum of $100 for his services as a cooperating individual. The State's chemist later determined that the baggie contained 1.11 grams of methamphetamine.

The defendant, Foland, and the defendant's wife, who says she arrived at the trailer during the meeting, all testified that no drug transaction occurred. The jury obviously disagreed.

The defendant asks us to overturn the jury verdict and find that there was no corroboration of Rice's testimony. He correctly cites § 28-1439.01, which provides: "No conviction for an offense punishable under sections 28-401 to 28-438 shall be based solely upon the uncorroborated testimony of a cooperating individual."

There is no question that Rice was a cooperating individual as defined in Neb. Rev. Stat. § 28-401 (Reissue 1985). He came forward with unsolicited information about a purported sale of controlled substances; he participated with law enforcement officers in setting up the transaction; he obtained evidence; and he was paid for his services. The crucial question is, however, whether Rice's testimony was corroborated by the actions and observations of the three officers. We believe it was.

The defendant advances the case of *State v. Beckner*, 211 Neb. 442, 318 N.W.2d 889 (1982), and asks us to adopt a comprehensive checklist that must be meticulously followed by undercover officers before controlled substances may be received into evidence if a cooperating individual is used. In *Beckner*, this court stated at 446-47, 318 N.W.2d at 892-93:

> "A corroboration requirement does not mean that a commissioned law enforcement agent would have to be physically present at the time a drug purchase is made. Corroboration could be supplied, by instance, through the use of electronic surveillance, observations which indicate simply that the meeting between the subject and the cooperating individual actually took place, searches of the cooperating individuals both before and within a reasonable time after the drug purchase is alleged to have taken place, the use of marked buy money, the use of cooperating individuals in teams, the use of fingerprint

analysis and numerous other investigative techniques."

Such language was illustrative only. *Beckner* expressly rejected the argument that a cooperating individual be corroborated on every element of the crime. In *State v. Taylor*, 221 Neb. 114, 375 N.W.2d 610 (1985), we found that corroboration could exist based upon the testimony and pictorial evidence supplied by investigators, with or without the admission of a sound recording. We have not at any time implied that corroboration is absent if one or more investigative techniques is not employed, or if a microphone malfunctions. The holding of *Beckner* remains as was clearly set forth therein: "[C]orroboration is sufficient if the witness is corroborated as to material facts and circumstances which tend to support the testimony as to the principal fact in issue." 211 Neb. at 447, 318 N.W.2d at 893.

In this case Rice and his automobile were searched before he sought out the defendant. No controlled substances were present. The officers observed Rice meet with the defendant, and the officers followed them to the defendant's trailer. Rice came out of the trailer a short time later and delivered the methamphetamine to the officers. Clearly, corroboration as contemplated by the statute was present. The issue of credibility was for the jury, not this court, to determine. See *State v. Green*, 217 Neb. 70, 75-76, 348 N.W.2d 429, 432 (1984), wherein it was stated:

> In determining the sufficiency of the evidence to sustain a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, and a verdict rendered thereon must be sustained if, taking the view of such evidence most favorable to the State, there is sufficient evidence to support it.

The second issue concerns a claim of excessive sentence. The defendant is 22 years old, married, and has no prior felony record. He does have a number of convictions for traffic offenses, as well as a disturbing the peace conviction, which were considered by the sentencing judge as part of the presentence investigation. The sentence imposed was the

minimum authorized for a Class III felony. Absent a showing of abuse of discretion, a denial of probation will not be disturbed on appeal. *State v. Fletcher*, 221 Neb. 562, 378 N.W.2d 859 (1985). There was no abuse of discretion in this case in the sentence imposed on Knoefler.

AFFIRMED.