STATE OF NEBRASKA, APPELLEE, V. DALE KRAMER, APPELLANT.

469 N.W.2d 785

Filed May 31, 1991.   No. 90-575.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellant.

Mark J. Young, Deputy Hall County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

After a jury trial, defendant-appellant, Dale Kramer, was convicted of one count of distribution of marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1986), which subsection was later amended in an immaterial manner. See § 28-416(1)(a) (Reissue 1989). Defendant was sentenced to a term of 18 to 24 months' imprisonment. He timely appealed to this court, contending the district court erred in overruling his motion for directed verdict, in overruling his motions for mistrial, in failing to allow defendant to impeach one of the State's witnesses with a second felony conviction, and in imposing an excessive sentence.

In a criminal case, a court can sustain a defendant's motion

for a directed verdict only when there is a complete failure of evidence to establish an essential element of the crime charged, or evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained. *State v. Perez*, 235 Neb. 796, 457 N.W.2d 448 (1990); *State v. Brown*, 235 Neb. 374, 455 N.W.2d 547 (1990); *State v. Eary*, 235 Neb. 254, 454 N.W.2d 685 (1990). Defendant contends there was a complete failure of evidence to establish the fact that he was the person who sold the marijuana to a confidential informant, because the informant's testimony was not corroborated as required by Neb. Rev. Stat. § 28-1439.01 (Reissue 1989), which provides, "No conviction for an offense punishable under sections 28-401 to 28-438 shall be based solely upon the uncorroborated testimony of a cooperating individual."

The record shows that Michael Drugsvold testified at trial that in December 1987 he had agreed to work with the Nebraska State Patrol as a confidential informant. Drugsvold further testified that he had known defendant since high school and "[u]sed to get drugs from [defendant] all the time." There was no objection to this testimony. On December 15, 1987, Drugsvold made two telephone calls from the Nebraska State Patrol office to the defendant's residence. He recognized the voice answering the second telephone call as that of the defendant and asked defendant if he could purchase an ounce of marijuana. Defendant said, "Yeah. Come on over."

The record shows that Investigator Steven Kolb of the Nebraska State Patrol then searched Drugsvold for money and contraband, gave him money to purchase marijuana, equipped him with an audio transmitter (a "wire"), and drove him to a house "where Kramer was living." When Drugsvold arrived at defendant's residence, he knocked on the door and someone let him in. There were approximately 10 people in the house. While inside the residence, Drugsvold spoke to defendant about purchasing marijuana. Defendant said, "Hold on for a minute," went into the bedroom, and asked Drugsvold to come in. Drugsvold followed defendant into the bedroom and asked if he could "bring somebody in" who wanted to purchase an ounce of marijuana. Defendant said he did not want to meet

anybody then. Drugsvold testified that he then purchased half an ounce of marijuana from the defendant for $45 or $50. Drugsvold then left the house, met Kolb, and gave Kolb the marijuana. They returned to the patrol office, where Drugsvold was again searched.

Kolb, a drug investigator for the Nebraska State Patrol, testified that he saw Drugsvold on December 15, 1987, at the State Patrol office in Grand Island. Kolb was present when Drugsvold made the two telephone calls to defendant. After the second call, Kolb and Investigator Vincent Hernandez searched Drugsvold for money and contraband and equipped him with an audio transmitter. Drugsvold was to ask defendant if Kolb could come into defendant's house and purchase an ounce of marijuana.

Kolb testified that he and Drugsvold drove to defendant's residence in a van. Drugsvold got out, went into the house, returned to the van about 12 minutes later, and gave Kolb two plastic bags of marijuana.

Investigator Hernandez testified that on December 15, 1987, he was assisting Kolb in Hall County. Hernandez followed Kolb and Drugsvold to the defendant's residence, parked about a block west of the house, and monitored the conversations of the people inside defendant's house. The tape recordings of the conversations were not received in evidence.

We have addressed the corroboration requirement of § 28-1439.01 on several occasions. In *State v. Beckner*, 211 Neb. 442, 318 N.W.2d 889 (1982), the appellant argued that any testimony of a cooperating individual on the essential elements of a crime which was not corroborated by other evidence should be excluded pursuant to § 28-439 (Reissue 1979), which was the statute then in effect and is identical to § 28-1439.01. We held, however, that "[t]he statute only requires that a conviction be based on something more than only a cooperating individual's testimony." *State v. Beckner, supra* at 446, 318 N.W.2d at 892.

In *State v. Taylor*, 221 Neb. 114, 118, 375 N.W.2d 610, 614 (1985), we set out facts similar to those in the case before us: "In addition to the undercover agent's testimony, a State Patrol investigator testified that before the agent approached Taylor he had no marijuana in his possession and that upon his return

he possessed an ounce of the substance." We then held that the testimony of a cooperating individual need not be corroborated on every element of the crime.

In *State v. Cain*, 223 Neb. 796, 801, 393 N.W.2d 727, 731 (1986), we said, "It is sufficient if the cooperating individual is corroborated as to material facts and circumstances which tend to support the testimony as to the principal fact in issue." Accord *State v. Knoefler*, 227 Neb. 410, 418 N.W.2d 217 (1988).

The record shows that the material facts of Drugsvold's testimony were sufficiently corroborated. The physical evidence of the marijuana and the testimony of the State's other witnesses support Drugsvold's testimony that he purchased the marijuana from the defendant. Defendant's assertion to the contrary is without merit.

In his second assignment of error, defendant contends the trial court erred in failing to grant his motions for mistrial. On this issue, the record shows that defense counsel impeached Drugsvold on several occasions with Drugsvold's prior deposition testimony. Drugsvold also testified on cross-examination that he had not wanted to testify against defendant. On redirect, the prosecutor asked if Drugsvold was scared when he gave his deposition. Drugsvold answered, "Yes. My life had been threatened by this guy." Defense counsel objected and moved for a mistrial on the basis of Drugsvold's statement that his life had been threatened by the defendant, and claimed the testimony was irrelevant. During a conference held outside the presence of the jury, the prosecutor explained that he was trying to elicit testimony concerning reasons why some of Drugsvold's statements at trial were inconsistent with his deposition testimony. The court ultimately overruled defendant's motion for mistrial and instructed the jury to disregard the statement.

In this appeal, the State argues that the trial court properly overruled defendant's motion for mistrial because Drugsvold's statement was relevant and admissible under our decision in *State v. Clancy*, 224 Neb. 492, 398 N.W.2d 710 (1987), *disapproved on other grounds, State v. Culver*, 233 Neb. 228, 444 N.W.2d 662 (1989). In *State v. Clancy, supra* at 500, 398

N.W.2d at 716, we held that under Neb. Evid. R. 404(2), Neb. Rev. Stat. § 27-404(2) (Reissue 1989), "a defendant's attempted intimidation or intimidation of a State's informant or witness is relevant evidence concerning the defendant's conscious guilt that a crime has been committed, and is a circumstance from which an inference may be drawn that the defendant is guilty of the crime charged." In *Clancy*, the defendant threatened to kill the State's witness and her husband or to have their house blown up. The record in *Clancy*, however, showed that the defendant made the threat after the witness reported defendant to the authorities for stealing an outboard motor. In the present case, the record is silent as to when defendant allegedly threatened to kill Drugsvold. Absent this vital information, the State has failed to demonstrate that the threat was relevant evidence concerning defendant's "conscious guilt that a crime has been committed." The threat could conceivably have been made before any crime was committed. The statement was not admissible under rule 404(2).

That determination, however, does not require that we hold that defendant's second assignment of error requires reversal. We have held that a mistrial is properly granted when an event occurs during the course of a trial which is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and would result in preventing a fair trial. The decision of whether to grant a motion for mistrial is within the discretion of the trial court and will be upheld on appeal absent an abuse of discretion. *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989); *State v. Hankins*, 232 Neb. 608, 441 N.W.2d 854 (1989); *State v. Byrd*, 231 Neb. 231, 435 N.W.2d 898 (1989).

We have already determined that Drugsvold's testimony was corroborated by physical evidence and by the testimony of the State's other witnesses. Drugsvold also testified he had known defendant since high school and had purchased drugs from him "all the time." There was no objection to this testimony. The record also shows that Drugsvold did not waver in his testimony that he had purchased marijuana from the defendant. The jury was instructed to disregard Drugsvold's testimony regarding the alleged death threat. Under the circumstances, the trial court

did not abuse its discretion in overruling defendant's motion for mistrial.

Defendant next claims the trial court erred in failing to allow him to impeach Drugsvold with a second felony conviction. On this point, the record shows that Drugsvold testified on direct examination that he resided in the Hall County jail and had been convicted of a felony within the last 10 years. On cross-examination, the following exchange took place:

> Q. Mr. Drugsvold, you testified that you have been convicted of a felony once within the last ten years, is that correct?
>
> A. Yes.
>
> Q. As a matter of fact, you have been convicted of two felonies?

The State objected to this question as improper impeachment, and, after a bench conference, the objection was sustained. Defendant did not make an offer of proof regarding Drugsvold's prior felony convictions. He contends the district court's evidentiary ruling was erroneous, quoting our holding in *State v. Boss*, 195 Neb. 467, 473, 238 N.W.2d 639, 644 (1976), that "[w]hen a defendant testifies on his own behalf, the prosecuting attorney may question him as to his previous convictions for felony and the number thereof . . . ." Accord, *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989); *State v. Craig*, 192 Neb. 347, 220 N.W.2d 241 (1974).

Neb. Evid. R. 609, Neb. Rev. Stat. § 27-609 (Reissue 1989), provides in part:

> (1) For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which he was convicted . . . .
>
> (2) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of such conviction or of the release of the witness from confinement, whichever is the later date.

Under rule 609(2), cross-examination of a witness regarding

the witness' previous felony convictions and the number thereof is proper, but only if 10 or fewer years have elapsed since the date of conviction or the release of the witness from confinement. The State contends that defendant is precluded from raising this issue because he failed to make an offer of proof showing that the foundational requirements of rule 609 were met. Neb. Evid. R. 103, Neb. Rev. Stat. § 27-103 (Reissue 1989), provides:

(1) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:

. . . .

(b) In case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.

In *State v. Fonville*, 197 Neb. 220, 248 N.W.2d 27 (1976), we said rule 103 did not change the rule that where evidence is excluded, an offer of proof is generally a prerequisite to review on appeal. The purpose of an offer of proof is to bring to the attention of the trier of fact, and the appellate court on review, the substance of the evidence offered so that both the trial court and the appellate court may determine whether the refusal to accept the evidence was error. *Fite v. Ammco Tools, Inc.*, 199 Neb. 353, 258 N.W.2d 922 (1977). "When the condition of the record and form of the question itself shows that it is relevant *and competent*, no offer of proof is necessary." (Emphasis supplied.) *Id.* at 360, 258 N.W.2d at 926. See, also, *State v. Fonville, supra*. Competent evidence is evidence that is admissible and relevant on the point in issue. *Hammann v. City of Omaha*, 227 Neb. 285, 417 N.W.2d 323 (1987).

In this case, the condition of the record fails to show that the evidence regarding Drugsvold's alleged second felony conviction was competent. Drugsvold testified on direct examination that he resided in the county jail and had been convicted of a felony within the past 10 years. Even if we assume Drugsvold had been convicted of a second felony, there was no foundation laid to establish that the alleged second felony conviction occurred within the 10-year period required

by rule 609(2).

The trial court properly sustained the State's foundational objection, and defendant failed to provide the required foundational information either by further examination of the witness or by making an offer of proof. Lacking this information, we cannot say that the trial court erred in excluding evidence of Drugsvold's alleged second felony conviction. This assignment of error is without merit.

Finally, defendant contends the district court erred in sentencing him to 18 to 24 months' imprisonment. The offense of which defendant was convicted is a Class III felony, punishable by a maximum of 20 years' imprisonment, a $25,000 fine, or both. We have often held that a sentence imposed within the statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion. *State v. Eary*, 235 Neb. 254, 454 N.W.2d 685 (1990). The presentence report shows that defendant has a lengthy criminal record and recurring problems with drug and alcohol abuse. During his sentencing hearing, defendant admitted to the court that he had "dealt a lot of drugs." The sentence imposed is well within the statutory limits and does not constitute an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.