BENEFICIAL FINANCE CO., APPELLEE, *v.* SMITH ET AL., APPELLANTS.

(No. 10215—Decided June 10, 1968.)

*Mr. Marvin J. Barsman,* for appellee.
*Messrs. Schwartz, Shwartz & Lieberman,* for appellants.

SHANNON, J. This is an appeal on questions of law from the Municipal Court of Hamilton County.

On March 28, 1966, the assistant manager of the Beneficial Finance Company, appellee here, received a telephone call from an auto repairman advising him that the defendants, James and Barbara Smith, appellants here, would appear in the finance company's office to apply for a personal loan to cover the cost of repairs to their vehicle. There-

upon, the assistant manager telephoned the Cincinnati Credit Bureau and inquired about defendants' credit. He was advised that defendants had an outstanding debt to a furniture company in the sum of $321.

On March 29, 1966, the following day, the defendants came to the finance office and were interviewed by the assistant manager. James Smith was instructed to fill out an application form. This form (plaintiff's Exhibit 1) includes this language:

"For the purpose of showing my ability to repay * * * and to induce you to grant said loan, I hereby represent and warrant to you that a full, complete and correct list of *all* my debts and liabilities and other claims against me is as follows." (Emphasis added.)

James Smith listed only an obligation to another finance company in the sum of $1,000, and failed to set forth additional debts of approximately $1,500.

The loan application was approved by the manager of the finance company, the Smiths signed a note for $252 and were given a check for $210.

Upon trial, the manager stated that he relied "heavily" upon the financial statement in deciding to make the loan and would not have made it if he had known of the $1,500 in debts other than the debt to the furniture company.

No payments were ever made to the finance company and James Smith filed a voluntary petition in bankruptcy on April 28, 1966, listing Beneficial Finance Company as one of his creditors, and was discharged as a bankrupt on August 8, 1966. Thereafter, the plaintiff filed its suit upon the note, alleging that it was induced to make the loan by "the fraudulent misrepresentation of defendants by way of a financial statement in writing in which the defendants stated that they listed all of their creditors, but that said statement was false in that they failed to list substantial creditors to whom they were indebted at the time of making the false financial statement."

Trial was had, without a jury, the defense denying (1) that false representations were made and (2) setting

forth the discharge in bankruptcy of James Smith. The court rendered judgment for plaintiff against both James and Barbara Smith for the sum of $252 and costs. Their motion for a new trial having been overruled, the appellants have brought their appeal directly to this court.

Section 35(2), Title 11, U. S. Code, as it applies to the case at bar, provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except as * * * (2) are liabilities * * * for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * *."

Therefore, unless the plaintiff finance company could show reliance upon a materially false financial statement made by the defendants with intent to deceive in making the loan, the company would be barred from a remedy to recover the debt.

In order to prove fraud, the party alleging it must show actual or implied representations, or concealment, of a matter of fact which relates to the present or past, which is material to the transaction, made falsely, with knowledge of its falsity, or with such recklessness as to whether it is true or false that knowledge may be inferred, with the intent of misleading another into relying upon it, and reliance upon it by the person to whom it was made with resulting injury as the consequence of such reliance. 24 Ohio Jurisprudence 2d 635 and cases cited under Section 20, Fraud and Deceit.

It is axiomatic that fraud is not to be presumed. It is not to be guessed at, but must be clearly proved. 25 Ohio Jurisprudence 2d 49, Fraud and Deceit, Section 227, and cases cited thereunder.

The issue in the case at bar, then, is: can a party alleging fraud be said to have relied upon a false financial statement to his damage when such statement did not in clude a debt known by the aggrieved to exist.

Here, the Smiths failed to set forth their debt to the furniture company and, standing alone, this might be said to have fatally tainted the financial statement with fraud. However, the finance company knew the debt to exist. We hold that the omission should have been brought to the attention of the applicants because the finance company is bound to presume honesty and not fraud and, therefore, the omission was presumptively inadvertent.

In addition, want of caution on the part of a person claiming to have been defrauded will prevent assertion of rights under some circumstances. See *McHenry* v. *Old Citizens National Bank*, 85 Ohio St. 203, wherein it was held that one who delivered a check to a stranger without taking precautions to determine whether he was rightfully entitled thereto could not recover from a bank which paid the check and had no suspicion of the bona fides of the transaction between the drawer and the payee.

Whether the conduct of the finance company in the case at bar estops it to set up fraud or whether such conduct negates completely its assertion that the false financial statement was relied upon is immaterial. No lender who is fully aware of an omission in a statement intended to induce the granting of a loan can be said either to have been reasonably cautious or prudent or to have trusted the statement.

*Ergo,* there was no fraud perpetrated, and the discharge in bankruptcy bars the remedy of plaintiff seeking to recover upon the note.

The judgment of the Cincinnati Municipal Court is reversed as to James Smith only, and final judgment in his favor is rendered here. The judgment against Barbara Smith is affirmed.

*Judgment accordingly.*

LONG, P. J., and HILDEBRANT, J., concur.