MICHAEL L. SORTINO, APPELLEE AND CROSS-APPELLANT, v. ROY D. PAYNTER, CROSS-APPELLEE, AND SHARI K. ELDER, APPELLANT.

292 N. W. 2d 916

Filed June 3, 1980. No. 42777.

Gross, Welch, Vinardi, Kauffman, Day & Langdon, for appellant.

Frank Meares, for appellee.

Heard before WHITE and McCOWN, JJ., and COLWELL, STANLEY, and SPRAGUE, District Judges.

SPRAGUE, District Judge.

The appellee and cross-appellant, Michael Sortino, brought an action for personal injuries arising out of an automobile incident against Roy D. Paynter, cross-appellee, and Shari K. Elder, appellant.

The petition alleged that at about midnight on February 9, 1977, Sortino, driving his van-type vehicle, was approaching 78th Street on Pacific Street in Omaha, Nebraska, when he observed a collision between Paynter and Elder. When, after the accident, the Paynter vehicle continued west without stopping, Sortino and another driver turned around and began to pursue it. Elder also pursued the Paynter vehicle westbound on Pacific Street from 78th. The Paynter and Sortino vehicles collided during the pursuit. When all the vehicles reached the vicinity of 81st and 82nd Streets on Pacific, there was a brief truce in the vehicular battle followed by a collision of the Sortino and Elder vehicles. Paynter made another hasty, if battered, retreat.

The question of the negligence of the defendants and damages, if any, sustained by the plaintiff were submitted to the jury, which returned a verdict in favor of both defendants.

Plaintiff filed a motion for new trial and such motion was sustained as to Elder, and overruled as to Paynter.

Elder filed a notice of appeal and Sortino cross-appealed against Paynter.

In addition to the three parties involved, testimony was given by two witnesses who observed various stages in the sequence of events. The testimony of the various witnesses conflicts and is disputed. Further recitation of this testimony would serve no useful purpose except to make any motorist quite thankful he was not proceeding down Pacific Street at the time and date in question.

Elder contends the court erred in sustaining Sortino's motion for new trial. This court agrees.

The record reveals no error prejudicial to the rights of Sortino. The evidence raised issues of fact. The jury chose to believe Elder's version of the facts. There was ample evidence to support its findings.

When a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. *Greenberg v. Fireman's Fund Ins. Co.*, 150 Neb. 695, 35 N.W.2d 772 (1949).

The trial court was correct in overruling Sortino's motion for new trial as to Paynter. Issues of fact were raised as to the cause of that collision. The jury weighed the evidence and returned a verdict in favor of Paynter. Although in conflict, there was sufficient evidence to support this verdict.

A verdict by a jury based upon conflicting evidence will not be set aside on appeal unless it is clearly wrong. *CIT Financial Services of Kansas v. Egging Co.*, 198 Neb. 514, 253 N.W.2d 840 (1977).

The judgment of the trial court sustaining Sortino's motion for new trial as to Elder is reversed. The jury verdict in favor of Elder is reinstated. The judgment of the trial court as to Paynter is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.