BLANCHE LUSCHER, APPELLEE AND CROSS-APPELLANT, V. FRANK EMPKEY ET AL., APPELLANTS AND CROSS-APPELLEES.

293 N. W. 2d 866

Filed July 1, 1980. No. 42666.

Harvey B. Cooper of Abrahams, Kaslow & Cassman, for appellant Alexander & Alexander, Inc.

Spencer W. Dillon, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an action by Blanche Luscher, against the defendant, Alexander & Alexander, Inc., a corporation, for damages for fraudulent representations which allegedly induced her to enroll in a group health and accident insurance policy procured on her behalf by her employer, Four Seasons Heating and Air Conditioning, Inc. The damage allegedly resulted from the fact that, after the policy went into effect, the plaintiff incurred expenses for chiropractic adjustments for which the group policy paid no benefits. The action was commenced in the municipal court of Omaha, Nebraska, and the court found for the defendant and dismissed the action. Upon appeal to the District Court for Douglas County, Nebraska, the court found for the plaintiff and entered judgment for the sum of $1,019, the amount incurred up to that time for chiropractic services.

On appeal to this court, the defendant assigns as error and argues that the evidence is insufficient to sustain the verdict. We find the assignment meritorious and reverse with directions to dismiss.

The elements of a cause of action for fraudulent misrepresentation are: (1) That a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; (2) That it was made with in-

tent to deceive and for the purpose of inducing the other party to act upon it; and (3) That such party did, in fact, rely on it and was induced thereby to act to his injury or damage. *Negus-Sweenie, Inc. v. Beaver Lake Corp.,* 202 Neb. 671, 276 N.W.2d 668 (1979); *Cook Livestock Co., Inc. v. Reisig,* 161 Neb. 640, 74 N.W.2d 370 (1956).

The evidence indicates that, during the year 1976, the employees of Four Seasons were covered by a group health and accident insurance policy issued by Washington National Life Insurance Company. The evidence further shows that James Tappero, the president of Four Seasons, upon receiving notice that the premium would be increased by Washington National, asked Frank Empkey, an employee of Alexander & Alexander, Inc., the defendant, an independent insurance broker, to "shop the market for us to get us as cheap as coverage as could without losing value of our insurance." This same type of service had been performed by Empkey at Tappero's request in previous years, Empkey having procured for Four Seasons the Washington National policy then in force.

On this occasion, Empkey, after a survey, recommended placement with Blue Shield and presented an analysis sheet, highlighting the benefits of the Blue Shield proposal and the present insurance. Tappero elected to take the Blue Shield policy which would become effective January 1, 1977. This election was made some time late in 1976. In December of 1976, at Tappero's request, Empkey appeared at a meeting of the Four Seasons employees to explain policy differences and to answer questions. Each employee was given a copy of the analysis sheet which had been previously furnished to Tappero.

The plaintiff, Luscher, was present at that meeting. She and other witnesses testified that Empkey said that the Blue Shield policy has the "same" coverage or better than Washington National. She tes-

tified that, although she had never used the services of a chiropractor, she knew that Washington National provided benefits for chiropractic adjustments because Mr. Tappero's wife had, during 1976, used such services and Washington National had paid benefits.

The plaintiff relies upon this alleged representation made at the meeting as well as upon representations allegedly made by Empkey to Tappero as agent for the employees at the time Tappero made the selection of the policy. There is a direct conflict in the evidence as to what Empkey said at the meeting. Tappero and other witnesses testified that the representation was in substance that the coverage was "as good," if not better. The plaintiff's position seems to be that the representation was that the policy benefits were identical or better than Washington National's coverage. It is clear from the record that the municipal court resolved the issue of the misrepresentation on the basis of the credibility of witnesses. The District Court, on trial of the case de novo, found for the plaintiff without making any specific findings other than the amount of damages.

In January of 1977, the plaintiff began to have pains in her back and lower limbs. At Tappero's suggestion, she consulted Dr. Sawyer, a chiropractor who, during the term of the Washington National policy, had provided chiropractic treatments for Mrs. Tappero. The plaintiff made a claim under Blue Shield for Dr. Sawyer's services. The insurer paid for the X-ray services, but declined payment for subsequent adjustments.

The Blue Shield policy contained an exclusion which read as follows:

21. Services for the detection and correction by manual or mechanical means of structural imbalance, distortion or subluxation in the human body for the purpose of removing nerve interference and the effects

thereof where such interference is the result of or related to distortion, misalignment or subluxation of or in the vertebral column.

After reviewing the record and the applicable law, and assuming that the plaintiff's version of the facts establishes the material false representation, we find that the record shows, as a matter of law, that the plaintiff was not induced to enroll in the group policy as a consequence of reliance on any representations made by Empkey.

In order to recover for fraud, a party must have acted on the other party's misrepresentations. The test of whether he relied thereon is generally whether he would have acted in the absence of the representations. If he would have acted in the same way even in the absence of the representation, then he has not relied thereon. *Lindholm v. Resnick,* 132 Neb. 682, 272 N.W. 913 (1937); *Spencer et ux v. Ellis,* 216 Ore. 554, 339 P.2d 1116 (1959); *Pacific Royalty Company v. Williams,* 227 F.2d 49 (10th Cir. 1955); *Rein v. Dvoracek,* 79 N.M. 410, 444 P.2d 595 (1968); *Able v. Equitable Life Assur. Soc. et al.,* 186 S.C. 381, 195 S.E. 652 (1938); *Finance Co. v. Smith,* 15 Ohio App. 2d 208, 240 N.E.2d 106 (1968).

The plaintiff's own testimony establishes that, when she enrolled in the new group policy, she did not take into account in any way whether the policy covered the adjustment services of a chiropractor. She had never used the services of a chiropractor. She did not then suffer from any condition which caused her to contemplate using one. No questions were asked about payment for such services at the time of the meeting. She testified positively that she would have "stayed in the group" and would have "signed up" even if she had been aware that benefits would not be paid for chiropractic adjustments. This testimony conclusively establishes that she did not rely upon "benefits" being the same under the 1977 group policy as the one for 1976. It is

to be noted in passing that coverage, in the sense of the risks included, was provided to the extent provided for in the contract, i.e., there was no exclusion for the particular ailment from which plaintiff suffered.

The plaintiff's petition is subject to the interpretation that, when she engaged the services of a chiropractor, she was relying upon the alleged misrepresentations and now claims that the defendant is estopped from denying benefits. The evidence shows without contradiction that, in engaging the services of the chiropractor, she relied upon the recommendation of Tappero. Her first symptoms appeared shortly before January 21, 1977. Tappero's testimony was that he assumed that such services were covered. However, he testified that in selecting the group policy, he did not rely on representations of Empkey that benefits or coverage were the "same" or identical. He relied on his own judgment that, overall, the benefits were better for the same amount of money. In particular, the major medical benefits were much better. He did not take into consideration benefits for chiropractic services.

False representations must be the proximate cause of the damage before a party may recover. *Kosmos Portland Cement Co. v. D. A. Y. Const. Co.,* 101 F.2d 893 (7th Cir. 1939). Any reliance the plaintiff placed upon Tappero's recommendation to engage chiropractic services cannot be said to be proximately caused by representations made by Empkey about such services because none were made. There is no evidence to sustain a finding that Tappero's advice upon which the plaintiff relied was in any way founded upon anything said by Empkey as to the precise contents of the new contract. Tappero's suggestion to the plaintiff came after the policy had been issued and the plaintiff had already been enrolled. There is no evidence to sustain a finding that Tappero was authorized to make any

representations, direct or implied, as to policy contents.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.