TIMOTHY R. HAUCK, APPELLEE, v. MICHAEL SAMUS ET AL., APPELLANTS.
321 N.W.2d 68

Filed June 25, 1982. No. 44251.

John F. Akin of Pierson, Ackerman, Fitchett & Akin, for appellants.

John F. Recknor of Barlow, Johnson, DeMars & Flodman, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This was an action for damages for false representations arising out of the sale of a residence property

to the plaintiff, Timothy R. Hauck. The property in question was located at 1817 Benton Street in Lincoln, Nebraska.

The residence, which was completed in January 1977, was built by the defendants Michael Samus and Vonnie Samus who operated under the name of Trendsetter Homes. Trendsetter Homes, Inc., was organized in March 1978 and was the owner of the property at the time it was sold to the plaintiff.

The property was purchased by Leo R. Nissen on April 1, 1977. Commencing in June 1977 a number of problems developed with water in the basement, "shifting in the house, cracks, doors wouldn't close, things like that." In 1978 the seller repurchased the house from Nissen. A number of improvements were then made in an attempt to correct the water problem.

The property was listed for sale with the Multiple Listing Service with Vonnie Samus shown as the listing agent. In August 1978 John Edward McVay, a salesman employed by Equity Homes Realty, showed the property to the plaintiff. The plaintiff also inspected the property with his stepfather, Don Dunkel, who was in the construction business.

The plaintiff and Dunkel noticed a small puddle of water on the floor in the basement. At the plaintiff's request, McVay called Vonnie Samus and inquired concerning the source of the water. According to McVay, Vonnie Samus said the water had come from a pipe leading to a water softener which had been removed by Nissen and there were no other water problems. The statements of Vonnie Samus were related to the plaintiff by McVay.

The plaintiff signed a written offer to purchase, which was submitted to the owner. The owner submitted a counteroffer with an addendum to the contract which later was signed by the plaintiff and Michael Samuskewicz (Samus). Paragraph 4 of the addendum provided: "Being that the home is pre-

owned and one and a half (1½) years old seller can not guarantee the home." A price of $46,500 was agreed upon and the acceptance of the offer to purchase was signed by Mr. and Mrs. Samuskewicz (Samus).

After the plaintiff moved into the property, he had difficulty with water coming through the basement walls and the west wall of the garage shifting. When the driveway and garage floor were removed, it was discovered that a large crack had developed in the foundation wall of the garage on the north side near the northwest corner of the garage. The crack in the garage foundation was covered by the garage floor and driveway and could not be seen until the floor and driveway had been removed.

This action was commenced October 1, 1979. The jury returned a verdict for the plaintiff in the amount of $13,858. The defendants have appealed and contend that the verdict and judgment are not sustained by the evidence to the extent that the plaintiff recovered damages for the cost of repairing the garage foundation. The defendants allege that $3,400 represented the cost of repairing the basement and $10,458 represented the cost of repairing the garage foundation.

Before the plaintiff could recover in this action he was required to prove that the defendants had made a false representation, knowing that it was false, or making it recklessly without any knowledge of its truth and as a positive assertion, with the intention that it be acted upon, that it was acted upon, and that injury resulted. *Moser v. Jeffrey,* 194 Neb. 132, 231 N.W.2d 106 (1975). Specifically, the defendants argue that there was no evidence from which the jury could find that the defendants knew of a crack in the foundation wall of the garage or recklessly made a statement as to its condition.

There is no evidence of any statement by the defendants, or their agent McVay, relating directly to

the foundation wall of the garage. Although there is some conflict in the evidence, the jury could find that Mrs. Samus told McVay, who in turn told the plaintiff, there were no other water problems with the property. The plaintiff then decided to purchase the property in reliance upon this statement.

In view of the severe water problems that had occurred while Nissen owned the property, the jury could infer the defendants had no basis upon which to state that no water problems existed. Although a vendor of real property is not guilty of fraud for a failure to disclose material, latent defects which are unknown to him, where the evidence shows he was aware of circumstances from which a reasonable inference could be drawn that he either knew or should have been aware of the fact that latent, defective conditions existed, he is liable to the purchaser. *Dargue v. Chaput,* 166 Neb. 69, 88 N.W.2d 148 (1958).

We conclude that the evidence supports the verdict and the judgment must be affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.