TERRY J. FLAKUS AND MARY V. FLAKUS, HUSBAND AND
WIFE, APPELLEES, V. STEVEN L. SCHUG AND BARBARA
SCHUG, HUSBAND AND WIFE, APPELLANTS.

329 N.W.2d 859

Filed February 11, 1983.  No. 81-822.

Denzel R. Busick of Luebs, Dowding, Beltzer, Leininger & Smith, for appellants.

William A. Francis of Cunningham, Blackburn, Vonseggern, Livingston, Francis & Riley, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

CAPORALE, J.

The sellers of residential real estate, Mr. and Mrs. Steven L. Schug, defendants in the trial court, appeal from the $3,500 judgment entered pursuant to a jury verdict in favor of the purchasers and plaintiffs-appellees, Mr. and Mrs. Terry J. Flakus. We affirm.

The sellers contend, in summary, that the trial court erred in (1) failing to sustain their motions for directed verdict after the close of the evidence; (2) admitting certain evidence with respect to cause and damages; and (3) improperly charging the jury with respect to the elements of fraud and the measure of damages.

The purchasers' amended petition alleges that the sellers "fraudulantly [sic] represented to Plaintiffs that the lot and house in question was [sic] free from underground water problems and that they [sellers] had not experienced water problems in the basement of the home." The amended petition alleges the other elements of a cause of action for contractual or promissory fraud, and prays for damages. The sellers deny the operative allegations of

the purchasers' amended petition, and allege that the sale was based upon the purchasers' own investigation and not upon any representations made by the sellers.

A jury verdict may not be set aside unless it is clearly wrong, and all conflicts in the evidence and questions of the credibility of witnesses are for the jury to resolve. *Diesel Service, Inc. v. Accessory Sales, Inc.,* 210 Neb. 797, 317 N.W.2d 719 (1982); *Kniesche v. Thos,* 203 Neb. 852, 280 N.W.2d 907 (1979). Moreover, when, upon a jury trial, a defendant at the conclusion of all the evidence moves for a directed verdict in his favor or for dismissal, such motion must be treated as an admission of the truth of all material and relevant evidence admitted favorable to plaintiffs, and plaintiffs are entitled to the benefit of all proper inferences which can reasonably be deduced therefrom. *Popken v. Farmers Mutual Home Ins. Co.,* 180 Neb. 250, 142 N.W.2d 309 (1966). Tested in accordance with these rules, the salient facts are that the purchasers inspected the premises in question prior to executing an offer to purchase on June 10, 1979. During these inspections the purchaser Mr. Flakus observed a sump pump in the basement furnace and laundry room and a sand point well in a basement storage room. A sand point well is used both to lower the water table and as a source of water. However, the basement had been finished into a living area, and a sump hole located in a walk-in closet under the basement stairs and a sump hole in another closet had been concealed prior to the purchasers' inspections. The offer to purchase was accepted by the sellers on June 19, 1979, following which the purchasers moved into the home. They experienced damaging water in the basement in April of 1980 and again during a tornado in June of 1980. One of the concealed sump holes was discovered by the purchasers after the April occurrence and the other following the June occurrence.

The essential elements required to sustain an action for damages as the result of fraud are that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else was made recklessly; that the misrepresentation was made with the intent to deceive and for the purpose of inducing the other party to act upon it; and that such party did, in fact, rely upon the misrepresentation and was induced thereby to act to his injury or damage. *Gitschel v. Sauer,* 212 Neb. 454, 323 N.W.2d 93 (1982); *Hauck v. Samus,* 212 Neb. 25, 321 N.W.2d 68 (1982); *Erftmier v. Eickhoff,* 210 Neb. 726, 316 N.W.2d 754 (1982); *Luscher v. Empkey,* 206 Neb. 572, 293 N.W.2d 866 (1980).

The contract executed by the parties contains a clause which provides: "This offer is based upon my personal inspection or investigation of the premises and not upon any representation or warranties of condition by the Seller or his agent." Based upon our language in *Camfield v. Olsen,* 183 Neb. 739, 164 N.W.2d 431 (1969), the sellers argue that in view of the disclaimer described above, the purchasers could not have justifiably relied upon any representation which the sellers may have made. The sellers are in error in this regard. *Camfield* was a suit to foreclose the buyers' equity of redemption under an installment sales contract for the purchase of a motel. In a cross-petition for damages the buyers alleged the contract had been induced by false representations. The agreement recited, among other things, the number of times the buyers had stayed at the motel; that the buyers had seen a newspaper article reporting a flooding of the motel; that the sellers had informed the buyers the motel had flooded on two previous occasions; and that the sellers had instructed the buyers on how they thought the motel could be cleaned if another flood should occur. The agreement also stated the buyers had personally and fully inspected the motel. It is

true that in discussing the elements of fraud we said a disclaimer clause is relevant in determining whether a claimant relied on a false representation disclaimed in the clause. We also said, however, that the disclaimer is ineffective to preclude the trier of fact from considering whether fraud induced formation of the bargain. We also made the same observations in the later case of *Abbott v. Abbott,* 188 Neb. 61, 195 N.W.2d 204 (1972).

A more recent case dealing with fraud with respect to the sale of real estate is *Hauck v. Samus, supra.* We ruled therein that the seller of real property is not guilty of fraud as the result of a failure to disclose material, latent defects which are unknown to him. However, where the evidence shows that he was aware of circumstances from which a reasonable inference could be drawn that he either knew or should have been aware of the fact that latent, defective conditions existed, then he is liable to the purchaser. See, also, *Gitschel v. Sauer, supra; Dargue v. Chaput,* 166 Neb. 69, 88 N.W.2d 148 (1958). The latter was an action to rescind a contract for the purchase of residential property because of fraud by misrepresentation and concealment of certain facts relating to the condition of the property. *Dargue* holds that as between a vendor and a purchaser, where material facts and information are equally accessible to both, and nothing is said or done which tends to impose on the purchaser or mislead him, the failure of the vendor to disclose such facts does not amount to actionable fraud; however, where such facts are known to the vendor and he knows them to be not within the reach of the attention, observation, and judgment of the purchaser, and they are such as would readily mislead a reasonably diligent purchaser as to the true condition of the property, the vendor is bound to disclose such facts. One may make a misrepresentation by conduct as well as by spoken words. See *Haarberg v. Schneider,* 174 Neb. 334, 117 N.W.2d 796 (1962), holding that the set-

ting back of an odometer, leaving the manufacturer's suggested retail list price attached to rear window, and inserting the word "new" in the invoice presented a jury question on the issue of fraud, notwithstanding that the seller did not say to the purchaser the car was new and made no statement as to the number of miles the car had been driven. Therefore, under the evidence in this case the jury could have found that the concealment of the two sump holes constituted a misrepresentation by conduct as to a material, latent defect known to the sellers.

The sellers argue, however, that the plaintiff did not plead a misrepresentation by conduct or concealment but, rather, pled oral misrepresentations. It appears the sellers read *Dargue* to make some distinction between the legal theories of misrepresentation by words and misrepresentation by concealment or conduct. Accordingly, the sellers urge the trial court erred in instructing the jury concerning fraudulent concealment. We disagree, since we neither understand *Dargue* to make such a distinction nor do we perceive any such distinction to exist.

The phrase "fraudulantly [sic] represented to Plaintiffs that the lot and house in question was [sic] free from underground water problems" in the purchasers' amended petition may well have been subject to a motion to make more definite and certain. However, no such motion was filed, and the language is sufficiently broad to admit evidence concerning concealment of the sump holes. In view of the fact that evidence concerning the concealed sump holes was properly admissible, there is evidence concerning the element of a reasonable reliance upon the misrepresentations by concealment or conduct sufficient to support the trial court's instruction concerning fraudulent concealment.

We now move on to a consideration of the proper measure of damages. Generally, where there has

been a misrepresentation in the sale of real estate, the measure of damages is the cost of repair, not exceeding the difference between the value of the property conveyed and the value of the property if it had been as represented. *Fink v. Denbeck,* 206 Neb. 462, 293 N.W.2d 398 (1980). The later case of *Bibow v. Gerrard,* 209 Neb. 10, 306 N.W.2d 148 (1981), does not refer to the need for comparing the cost of repair to the diminished value because the misrepresentation related only to the number of acres involved. Obviously, in such a situation there is no cost of repair. Indeed, perhaps a clearer statement of the rule is that where there has been a misrepresentation in the sale of real estate, the measure of damages is the cost of placing the property conveyed in the condition represented, not exceeding the difference in value of the property conveyed and the value of the property if it had been as represented. The trial court gave the following instruction: "The measure of damages is the difference in value between the property purchased if it had been as represented and its actual value." The instruction is, as claimed by the sellers, erroneous because it does not limit the recovery to the lesser of the diminished value or the cost of repair.

The question becomes, however, whether the error is prejudicial, for when a party has sustained the burden and expense of trial and has succeeded in securing the decision of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. *Sortino v. Paynter,* 206 Neb. 348, 292 N.W.2d 916 (1980). We must therefore look to the evidence in order to determine whether the error was prejudicial to the sellers.

The purchaser Mr. Flakus testified that in his opinion the property conveyed was worth $10,000 less than if it had been as represented. Mr. Woodrow Nelson, a construction supervisor and estimator with at least 3 years' experience in construction, in

essence testified that although he could not guarantee that installation of a drain tile system would solve the problem, such a system could be tried as a solution. The cost of installation would be $3,458. Although evidence concerning the cause of the need to replace certain items and the predamage value of such and other items is lacking, the record does, nonetheless, contain competent evidence as to the cost of $1,018 for repairing the water-damaged drywall and floor tile. It is clear, therefore, that the court's erroneous instruction on the measure of damages did not prejudice the sellers.

We note the sellers assert the trial court erred in allowing a "nonexpert to state an opinion as to the cause of the water Plaintiffs allegedly experienced . . . ." That claimed error, however, is not discussed in sellers' brief. Since consideration of assignments of error in this court is limited to those discussed in the briefs, we do not address the question. See, Neb. Ct. R. 9D(1)d (Rev. 1982); Neb. Rev. Stat. § 25-1919 (Reissue 1979); *Cockle v. Cockle,* 204 Neb. 88, 281 N.W.2d 392 (1979); *State v. Beckner,* 211 Neb. 442, 318 N.W.2d 889 (1982).

For the reasons discussed above, we conclude that each of the sellers' assignments of error is without merit and, accordingly, affirm the trial court's judgment on the verdict.

AFFIRMED.