JAMES M. WHITE, APPELLANT, V. ROBERT E. LOVGREN, M.D., ET AL., APPELLEES.

387 N.W.2d 483

Filed May 23, 1986.   No. 84-860.

Robert V. Roach and James R. Welsh of Welsh, Sibbernsen & Roach, for appellant.

William M. Lamson, Jr., and Joni R. Kerr of Kennedy, Holland, DeLacy & Svoboda, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

James M. White appeals following a jury verdict in favor of the appellees Jeanine Mercer, Beth Johns, and their employer, Drs. Lovgren & Olson, P.C. By his appeal appellant challenges an order earlier entered by the district court for Douglas County, Nebraska, dismissing the action as against the appellee Robert E. Lovgren, M.D., in his individual capacity.

In his amended petition White made specific allegations of negligence as to each of the individual defendants concerning the failure to properly examine, diagnose, care for, and treat White. Additionally, White alleged that Dr. Lovgren was negligent in failing to properly supervise the medical assistants. White claimed that as a result of these negligent acts he sustained permanent injury, for which he requested a judgment for damages.

In their answers to the amended petition, the appellees all denied that they were negligent and alleged that in any and all treatment rendered by them they exercised that degree of skill and care expected of health care providers in Omaha, Nebraska. Appellees further denied that their acts proximately caused any injury to White. Following a trial to a jury, and at the conclusion of all of the evidence, the district court determined that there was no evidence to establish any negligence on the part of Dr. Lovgren and, therefore, dismissed Dr. Lovgren from the action, with prejudice. The jury returned unanimous verdicts in favor of the appellees, and judgment was entered in accordance therewith.

In this appeal White maintains that the district court erred in one or more of the following respects: (1) In dismissing Dr. Lovgren from the suit at the close of the evidence; and (2) In refusing to withdraw from consideration by the jury a report prepared by a medical panel convened pursuant to the provisions of Neb. Rev. Stat. §§ 44-2840 et seq. (Reissue 1984). For reasons which we shall detail hereinafter, we believe the

judgment must be affirmed.

Briefly, the facts are as follows. On April 26, 1982, James M. White consulted Dr. Lovgren, an ear, nose, and throat specialist, regarding a throat problem. Dr. Lovgren prescribed a treatment known as Proetz displacement. Prior to undergoing the treatment, Dr. Lovgren's patients first inhale a Neo-Synephrine solution prepared, as necessary, and administered by one of Dr. Lovgren's aides. In Dr. Lovgren's office the solution typically consists of one part 1 percent Neo-Synephrine (the same as the concentration of Neo-Synephrine sold over the counter) and eight parts saline. However, on this particular day the solution specifications were inadvertently reversed by Jeanine Mercer, an aide to Dr. Lovgren and a defendant in this case. White alleged that all of his damages flowed from this mistaken mixture of the solution.

We turn first to the issue regarding whether the district court erred in dismissing the action as against Dr. Lovgren. White claims that Dr. Lovgren should not have been dismissed from the action either because he was personally negligent or because he was vicariously liable for the negligence of his servants under the doctrine of respondeat superior.

The law with respect to the evidence necessary to establish a prima facie case of medical malpractice is well established. This may be proven in one of two ways: either via expert testimony, *Kortus v. Jensen*, 195 Neb. 261, 237 N.W.2d 845 (1976), or by showing that the negligence of the professional was clearly within the comprehension of laymen, *Halligan v. Cotton*, 193 Neb. 331, 227 N.W.2d 10 (1975).

It is clear from the record that White was unable to show a prima facie case of negligence under either avenue. The record is totally devoid of any medical testimony to support any contention that Dr. Lovgren, in any manner, failed to meet the standard of care required in the community. Further, the acts of Dr. Lovgren simply do not constitute one of those rare cases where the fact of negligence is clearly within the comprehension of laymen. Cf. *Reifschneider v. Nebraska Methodist Hosp.*, post p. 782, 387 N.W.2d 486 (1986).

As to respondeat superior, the district court submitted to the jury the question of the negligence of Dr. Lovgren's agents, and

the jury determined that there was no negligence on their part. The law generally is to the effect that where there is no evidence that a master has been negligent other than through the imputation of the negligent conduct of his servant, based upon the doctrine of respondeat superior, as between the same parties, a judgment in favor of the servant on the merits renders invalid any judgment against the master. See Restatement (Second) of Judgments § 51 (1982). See, also, *Moncol v. Bd. of Edn.*, 55 Ohio St. 2d 72, 378 N.E.2d 155 (1978); *Vukelic v. Upper Third Street S. & L. Asso.*, 222 Wis. 568, 269 N.W. 273 (1936); *Morrison v. Kiwanis Club*, 52 N.C. App. 454, 279 S.E.2d 96 (1981), *review denied* 304 N.C. 196, 285 S.E.2d 100; *Torres v. Kennecott Copper Corporation*, 15 Ariz. App. 272, 488 P.2d 477 (1971).

Therefore, even if it can be argued that, under the provisions of the Nebraska Professional Corporation Act, Neb. Rev. Stat. §§ 21-2201 to 21-2222 (Reissue 1983), Dr. Lovgren should have remained a party to the suit because of the doctrine of respondeat superior, the determination by the jury that his agents were not in any manner negligent absolves Dr. Lovgren of any liability, including for his alleged failure to supervise, and makes the error, if any, nonprejudicial.

White argues that the effect of dismissing the action as to Dr. Lovgren was nevertheless prejudicial because the jury could then be led to believe that the appellees Mercer and Johns, if personally liable, would be required to pay the judgment alone. He further argues that the jury might be reluctant to return a verdict against the employees without Dr. Lovgren. However, instruction No. 7 clearly advised the jury that there were, in effect, three defendants remaining in the case, the two employees and the professional corporation of which Dr. Lovgren was a member. The instruction specifically provided in part:

> The Court has determined as a matter of law that the Defendants Jeanine Mercer and Beth Johns were employees of the Defendant, Drs. Lovgren & Olson, P.C., and were acting within the scope of their authority at the time of the treatment to the Plaintiff. As a result if you find Jeanine Mercer or Beth Johns were negligent, or both

of them, you must find that the Defendant, Drs. Lovgren
& Olson, P.C., was negligent.

We believe that this instruction effectively prevented any prejudice as claimed by White.

That leaves the final question of whether the district court erred in not sustaining White's motion to strike the report of the medical malpractice panel once Dr. Lovgren had been dismissed from the suit.

Again, we need not address that specific issue. On the basis of the record before us, at best the evidence of the report was merely cumulative. Dr. James Werth, an ear, nose, and throat specialist, who was one of the members of the medical liability panel, testified in person as to all of the matters included in the report. Even if the report had been excluded, the testimony of Dr. Werth would have properly remained and would have been considered by the jury. The fact that Dr. Werth's testimony was further documented by the report prepared by the panel upon which Dr. Werth sat does not, in our view, constitute prejudicial error. We have previously held that once a jury verdict has been rendered, the verdict should be upheld as against the challenge of an error in the proceedings unless the error was somehow prejudicial. See *Flakus v. Schug*, 213 Neb. 491, 329 N.W.2d 859 (1983). And in *Meyer v. Moell*, 186 Neb. 397, 406, 183 N.W.2d 480, 485 (1971), we held that "where evidence is objected to which is substantially identical with evidence admitted and not objected to, prejudicial error will not lie because of its admission." The most that can be said of the report is that it was identical with evidence admitted and not objected to, and, therefore, its admission does not constitute prejudicial error entitling White to a new trial.

The judgment of the district court is in all respects affirmed.

AFFIRMED.