DAYTON-WALTHER CORPORATION, APPELLANT, *v.* KELLY ET AL., APPELLEES.

(No. C-870273—Decided December 16, 1987.)

*Taft, Stettinius & Hollister, Gerald J. Rapien* and *Robert S. Corker,* for appellant.

*Jenks, Surdyk & Cowdrey Co., L.P.A.,* and *Christopher F. Johnson,* for appellees Kelly and Greater Cincinnati Occupational Health Foundation, Inc.

*Dinsmore & Shohl, Allen P. Grunes* and *Frank C. Woodside III; Kohnen, Patton & Hunt, James A. Hunt* and *Dennis R. Lapp,* for appellee Egilman.

HILDEBRANDT, J. Plaintiff-appellant, Dayton-Walther Corporation ("Dayton-Walther"),[1] appeals from the judgment of the trial court granting defendant-appellee Dr. David Egilman's motion to dismiss the ap-

[1] Appellant is an Ohio corporation with its principal place of business in Dayton, Ohio.

pellant's complaint pursuant to Civ. R. 12(B)(6). The judgment additionally granted the motion of defendants-appellees Dr. Michael Kelly and Greater Cincinnati Occupational Health Foundation for summary judgment to the extent that the motion incorporated appellee Egilman's motion to dismiss.

The record reveals that Dayton-Walther, a self-insured employer under the workers' compensation laws of Ohio, filed a complaint against the Greater Cincinnati Occupational Health Foundation ("Health Foundation") and two of its physician-employees, Kelly and Egilman. The complaint, alleging causes of action for negligence and for fraud, arose out of medical examinations conducted by Kelly and Egilman on at least twenty-five past and present employees of Dayton-Walther.

Specifically, Count I of the complaint stated that Kelly and Egilman were negligent in performing these medical examinations, by forming medically inaccurate diagnoses of the employees' disabilities, by incorrectly determining the extent of the employees' disabilities, and by incorrectly attributing the employees' conditions to their employment with Dayton-Walther. It was further alleged in Count I that Kelly and Egilman drafted medical reports containing these representations with the knowledge that their opinions in the reports would be used by the employees to pursue workers' compensation claims against Dayton-Walther in its capacity as a self-insured employer.

In Count II of the complaint, Dayton-Walther alleged that defendants' written representations that the employees contracted their medical conditions in the course of their employment with Dayton-Walther constituted false representations of fact; that defendants knew, should have known or demonstrated reckless disregard for the inaccuracy of such representations; and that defendants nevertheless provided these misrepresentations with the knowledge that Dayton-Walther would rely upon them as a self-insured employer.

Finally, the complaint alleged that as a direct and proximate result of defendants' negligent and/or fraudulent misconduct, Dayton-Walther was required to investigate and defend numerous meritless workers' compensation claims.

Egilman filed his motion to dismiss the complaint for failure to state a claim upon which relief could be granted, and Kelly and the Health Foundation filed a motion for summary judgment which incorporated Egilman's motion to dismiss. After considering the written and oral arguments, the trial court filed an extensive written decision and a judgment entry granting the respective motions. From that judgment Dayton-Walther (hereinafter "appellant") brings this timely appeal, asserting in a solitary assignment of error that the trial court erred by dismissing its complaint pursuant to Civ. R. 12(B)(6). For the reasons that follow, we hold that the complaint does not state a cause of action for either negligence or fraud, and we therefore affirm the trial court's judgment.[2]

To begin our analysis, we note the rule that when a reviewing court is

---

[2] Since the motion for summary judgment filed by Kelly and the Health Foundation incorporated Egilman's motion to dismiss, we shall use Civ. R. 12(B)(6) as the predicate for our review.

called upon to determine the propriety of the granting of a Civ. R. 12(B)(6) motion to dismiss, the factual allegations of the complaint must be presumed to be true. *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106, 22 O.O. 3d 332, 429 N.E. 2d 134. However, allegations of a complaint that are merely unsupported conclusions do not carry that presumption. *Schulman* v. *Cleveland* (1972), 30 Ohio St. 2d 196, 59 O.O. 2d 196, 283 N.E. 2d 175.

In determining whether appellant's complaint states a valid cause of action for negligence under the common law, we note the fact that it was appellant's employees, and not appellant itself, who hired Kelly and Egilman (hereinafter "appellees") to perform the challenged medical examinations. In the absence of any employment or other direct relationship between appellant and appellees, we decline to impose a duty of care upon appellees in this case. Further, our research reveals no basis upon which to extend such a duty.

In support of a claim based on a more specialized theory of negligence, appellant cites *Haddon View Investment Co.* v. *Coopers & Lybrand* (1982), 70 Ohio St. 2d 154, 24 O.O. 3d 268, 436 N.E. 2d 212. In *Haddon View,* the court relied upon 3 Restatement of the Law 2d, Torts (1977) 126-127, Section 552, in holding that an accountant may be held liable for professional negligence by a third party who foreseeably relies upon the accountant's representations. *Haddon View, supra,* syllabus. Section 552, which appears under the topic "Negligent Misrepresentation," provides in pertinent part as follows:

"§ 552. Information Negligently Supplied for the Guidance of Others.

"(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their *justifiable reliance upon the information,* if he fails to exercise reasonable care or competence in obtaining or communicating the information. [Emphasis added.]"

Thus, under both the Restatement section and *Haddon View, supra,* one essential element of this specialized claim of negligence is the fact that the appellant justifiably relied upon the allegedly inaccurate medical reports prepared by appellees.

Our review of the record before us leads us to conclude that appellant's contention that it relied upon appellees' medical reports amounts to an unsupported and incorrect conclusion, and that appellant's negligence claim was therefore properly dismissed. Our determination concerning appellant's lack of reliance upon the reports is supported by paragraph twelve of the complaint in which appellant maintains:

"As a direct and proximate result of [appellees'] negligence and/or wanton and reckless misconduct, *[appellant] is being required to investigate and defend numerous meritless workers' compensation claims,* all to its great expense in amounts which cannot be fully calculated at this time because of their ongoing nature. [Emphasis added.]"

Further, in the appellant's brief, it is argued that:

"When faced with an extraordinary number of workers' compensation applications certified by one of two physicians working for a single health clinic, a self-insuring employer has two choices, to recognize the claims and begin making payments, or withhold recognition and go to the expense of investigating the validity of those claims. In either case, the employer incurs a substantial, unneces-

sary expense of time and resources when the claims are based on negligent medical examinations."

Appellant has not relied upon the reports *sub judice* to the extent that it has recognized the claims of its employees. Rather, appellant has elected to take exception to and defend against appellees' conclusions that its employees have suffered job-related disabilities.

It is evident that what has transpired in this case is that the employees, as a result of *their* reliance upon the appellees' conclusions, have presented workers' compensation claims to the Industrial Commission. Further, based upon the state of the record, the merits of those claims remain undecided. What is clear is that appellant, by its own admission, disputes the veracity of appellees' conclusions as well as the legitimacy of the employees' claims.

Additionally, appellant's lack of reliance defeats its fraud claim against the appellees. It is well-established that one of the essential elements of a fraud claim is the claimant's reliance upon a false representation. See, *e.g.*, *Burr* v. *Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St. 3d 69, 23 OBR 201, 491 N.E. 2d 1101; *Beneficial Finance Co.* v. *Smith* (1968), 15 Ohio App. 2d 208, 44 O.O. 2d 368, 240 N.E. 2d 106.

We reiterate here that appellant's conduct, with regard to its employees' disability claims, persuades us that it did not rely upon the conclusions contained in appellees' medical reports. Consequently, appellant's fraud claim against appellees must fail.

Accordingly, we conclude that the trial court correctly ruled that appellant's complaint failed to state claims upon which relief could be granted. We therefore overrule the single assignment of error and affirm the judgment of the court of common pleas.

*Judgment affirmed.*

BLACK, P.J., and DOAN, J., concur.